UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


IRA HUEREQUE,

        Plaintiff,

vs.                                                             CIV 00-1280 KBM

OTERO COUNTY DETENTION FACILITY, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

        THIS MATTER came on for consideration of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) *(Doc. 5)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities. Having considered the submitted exhibits, the Court finds that the motion should be considered as one for summary judgment. *See David v. City of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997). The Court finds that the motion is well taken in part and will be granted in part.

        The issue before me is the timeliness of the claims brought in this lawsuit. The law is clear that

> [f]iling deadlines, like statutes of limitations, necessarily operate
> harshly and arbitrarily with respect to individuals who fall just on
> the other side of them, but if the concept of a filing deadline is to
> have any content, the deadline must be enforced. "Any less rigid
> standard would risk encouraging a lax attitude toward filing dates,"

> *United States v. Boyle*, 469 U.S. 241, 249 (1985). A filing deadline
> cannot be complied with, substantially or otherwise, by filing late –
> even by one day.

*Houston v. Lack*, 487 U.S. 266, 282 (1988). Defendants contend that this action must be dismissed because Plaintiff's claims were not brought in district court in a timely manner.

Plaintiff Ira Huereque ("Huereque") has filed three charges of with the Equal Employment Opportunity Commission ("EEOC"). In her first EEOC charge, Plaintiff alleged that she had been subjected to employment discrimination. Plaintiff concedes that any claim brought based upon the first charge alleging employment discrimination would be untimely.

The second and third EEOC charges alleged retaliation for engaging in activities protected by Title VII. The second charge alleged that the retaliation consisted of the creation of a hostile working environment. On June 3, 2000, Plaintiff received her Notice of Right to Sue from the EEOC with regard to the claims contained in her second charge. Therefore, she had ninety days from that date to file a complaint asserting the claim for "hostile environment" that had been investigated by the agency. *See* 42 U.S.C.§ 2000e-5(f)(1); *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998).

The parties apparently agree that this ninety-day deadline fell on Friday, September 1, 2000. Plaintiff concedes that it was not until August 31, 2000 – *only one day before the deadline for filing* – that her attorney placed the complaint in the United States mail. The Complaint in this matter bears the district clerk's official stamp indicating a filing date of September 5, 2000 (the Tuesday after the Labor Day federal holiday). Because Plaintiff does not dispute that the clerk's office failed to receive the pleading by September 1st, she clearly missed the filing deadline. *See*

*McIntosh v. Antonino*, 71 F.3d 29, 36 (1st Cir. 1995) ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them").

As Plaintiff points out, however, compliance with the filing requirements of Title VII is not a jurisdictional prerequisite. Instead, the filing deadline functions more as a waivable statute of limitations. Plaintiff contends that this Court should apply the doctrines of equitable tolling and estoppel to find that her claims associated with the second EEOC charge have been timely brought in district court. The Tenth Circuit has explained that

> the time limits in Title VII "will be tolled only if there has been has been 'active deception' of the claimant regarding procedural prerequisites." *Sheerer v. Rose State College*, 950 F.2d 661 (10th Cir. 1991, *cert. denied*, 505 U.S. 1205 (1992); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). A claimant who is aware of his Title VII rights, however, is obligated to file promptly or forfeit his claim.

*Mascheroni v. Bd. of Regents of Univ. of Calif.*, 28 F.3d 1554, 1562 (10th Cir. 1994) (citations omitted) (emphasis added). Plaintiff fails to demonstrate that she was unaware of the September 1st deadline or that anything prevented her from complying with it. Plaintiff decided to wait to file suit until the decision had been rendered on her post-termination appeal. Even if Plaintiff could show that the actions of Defendant delayed that ruling, Plaintiff received that decision on August 29, 2000. Fully aware of the impending deadline, she chose to place her complaint in the mail that day rather than using alternative delivery methods to assure that the clerk would receive the pleading in time. Absent some allegation that alternative delivery means were unavailable, the principles of equitable tolling and estoppel should not be applied to excuse Plaintiff's failure to comply with a known obligation.

Plaintiff states in her brief that she filed a third EEOC charge alleging that she had been fired in retaliation for filing the previous EEOC complaints. Because the right-to-sue notice associated with the third charge was mailed to Plaintiff on July 27, 2000, Plaintiff states that it is undisputed that the present litigation is timely with regard to claims brought in the third EEOC charge. Yet Defendants purport to seek dismissal the entire action even though they have completely ignored the timeliness issue with regard to Plaintiff's claims premised on her termination. Furthermore, Defendants have not even mentioned the viability of the breach of contract claim set forth in Count III. Therefore, on the record presently before me, Defendants are not entitled to dismissal of the entire action.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) *(Doc. 5),* considered by the Court as a motion for summary judgment, be **granted in part and denied in part.** Partial summary judgment is hereby granted to Defendants on all Title VII claims except the termination of Plaintiff's employment in alleged retaliation for filing the first and second charges with the EEOC.

_____
**UNITED STATES MAGISTRATE JUDGE**

Counsel for Plaintiff:   J. Robert Beauvais
                         J. ROBERT BEAUVAIS, P.A.
                         Ruidoso, New Mexico

Counsel for Defendants:  Raul A. Carrillo, Jr.
                         SANDENAW, CARRILLO & PIAZZA, P.C.
                         Las Cruces, New Mexico